**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 17 2023



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAMANDEEP SINGH, | No. 21-485 |
| Petitioner, | Agency No. A205-586-973 |
| v. | |
| MERRICK B. GARLAND, U.S. Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 27, 2023**
San Francisco, California

Before: BOGGS,*** M. SMITH, and OWENS, Circuit Judges.

An immigration judge (IJ) denied Ramandeep Singh's applications for

asylum, withholding of removal, and protection under the Convention Against

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Torture (CAT), and the Board of Immigration Appeals (BIA) affirmed. Exercising jurisdiction under 8 U.S.C. § 1252, we deny Singh's petition for review.

We review the agency's factual findings for substantial evidence, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022) (quoting 8 U.S.C. § 1252(b)(4)(B)).

1. Substantial evidence supports the BIA's denial of Singh's political-opinion claims for failure to corroborate his testimony. An applicant may prove that he is eligible for asylum or withholding by his testimony alone, but only if the IJ is satisfied that the testimony "is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." 8 U.S.C. § 1158(b)(1)(B)(ii). If not, the IJ may require corroboration, and "such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." *Ibid*. An applicant "can be turned down for failing to provide corroboration where he does have it or could reasonably obtain it." *Aden v. Holder*, 589 F.3d 1040, 1045 (9th Cir. 2009).

Substantial evidence supports the agency's determination that Singh's testimony was insufficient to establish his eligibility for relief based on political opinion. His answers to questions about his involvement in the Bahujan Samaj Party (BSP), the BSP platform, and the conflict between the BSP and the Samajwadi Party

2

(SP) were vague and generic. When the IJ asked Singh to corroborate his account of the conflict between the BSP and the SP, Singh provided only a State Department country report that did not mention either party. Accordingly, the agency properly denied Singh's political-opinion claims. *See ibid.*

Singh argues that he was unable to produce corroborative evidence because the conflict between the two parties was not specifically mentioned in the State Department report. The BIA rightly rejected this argument, because Singh never explained why he could not reasonably obtain evidence other than the report to corroborate his testimony. *See* 8 U.S.C. § 1158(b)(1)(B)(ii).

2. Substantial evidence supports the agency's denial of Singh's particular-social-group claims because Singh failed to establish that any past or future harm was related to his caste or landownership. Applicants for asylum and withholding of removal must prove that group membership is "one central reason" or "a reason" for the harm that they face. *Id.* § 1158(b)(1)(B)(i) (asylum); *id.* § 1231(b)(3)(C) (withholding).

Singh claims that he joined the BSP because of its advocacy for lower-caste members, but substantial evidence supports the agency's finding that Singh's political affiliation—rather than his lower-caste status—was the reason for any harm that he suffered. In fact, Singh testified that it was only after he joined the BSP and refused to join the SP that SP members attacked and threatened him. The record,

3

which is devoid of information about harm to members of Singh's caste, does not suggest—much less compel us to conclude—that Singh is likely to be harmed because of his caste. And Singh's landowning family members have apparently not experienced any harm since 2013. Thus, the agency properly concluded that Singh's caste and landownership were neither "one central reason" nor even "a reason" for any past or future harm.

3. Singh has waived any argument that he was or will be harmed because of his religion. We lack jurisdiction to consider issues not raised to the BIA. *See* 8 U.S.C. § 1252(d)(1); *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022).

The BIA found that Singh failed to challenge the IJ's determination that he was not harmed because of his religion. In this court, Singh has neither challenged the BIA's finding of waiver nor adequately challenged the IJ's underlying determination. We cannot consider Singh's religious-persecution claims.

4. Substantial evidence supports the agency's denial of CAT relief. Singh must show that it is "more likely than not" that he will be tortured in India, 8 C.F.R. § 1208.16(c)(2), "by, or at the instigation of, or with the consent or acquiescence of, a public official or other person acting in an official capacity," *id.* § 1208.18(a)(1). Singh must face a "particularized risk of torture." *Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021). In evaluating this risk, the agency must consider all relevant evidence, including: (1) evidence of past torture; (2) evidence that Singh could

4

relocate to a part of India where he is not likely to be tortured; (3) evidence of gross, flagrant, or mass human-rights violations in India, and (4) other information regarding conditions in India. 8 C.F.R. § 1208.16(c)(3). Only the intentional infliction of "severe pain or suffering" qualifies as torture. *Id*. § 1208.18(a)(1).

Singh failed to establish that he suffered past torture. He testified that SP members punched, kicked, and beat him with wooden sticks, leading him to seek medical treatment. When he reported the first attack to the police, they "just forcefully kicked [him] out." These harms are serious, but substantial evidence supports the agency's determination that they did not rise to the level of torture.

Nor does Singh's evidence about conditions in India require us to conclude that it is more likely than not that he will be tortured there. That evidence establishes that human-rights violations occur in India, but it does not indicate a "particularized risk of torture" to Singh. *See Lalayan*, 4 F.4th at 840.

The stay of removal remains in place until the mandate issues.

**PETITION DENIED.**

5